19STCV32464

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Rico

Electronically FILED by Superior Court of California, County of Los Angeles on 09/11/2019 12:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas, Deputy Clerk

**ROSARIO PERRY, A PROFESSIONAL LAW CORPORATION**
Rosario Perry, SBN 55061
*rosario@oceanlaw.com*
312 Pico Blvd,
Santa Monica, CA 90405
Telephone: (310) 394-9831
Facsimile: (310) 943-3500

Attorney for Plaintiff
Brida LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| BRIDA LLC, a CALIFORNIA LIMITED LIABILITY COMPANY, | Case No. 19STCV32464 |
| Plaintiff, | |
| v. | **COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND DECLARATORY RELIEF** |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA dba TRAVELERS, a CALIFORNIA CORPORATION, AND DOES 1 THROUGH 20, INCLUSIVE, | |
| Defendants. | |

Plaintiff Brida LLC, a California Limited Liability Company, (hereinafter referred to as "Plaintiff")

hereby alleges against Travelers, a California Corporation, (hereinafter referred to as "Defendant")

and Does 1 through 20, inclusive, as follows:

### THE PARTIES

1.  Plaintiff, Brida LLC, is now, and at all times relevant to this Complaint was, an owner of the

    property located at 1123 17th Street, Santa Monica, CA 90403 ("the Property").

1
COMPLAINT

2. Defendant, Travelers Casualty Insurance Company of America dba Travelers, is now, and at all times relevant to this Complaint was, a California Corporation with its principal place of business in Los Angeles County, California.

3. Plaintiff is informed and believe and thereon allege that Defendant acting through their agent Carol Simons, and Does 1 - 20, managed, operated, supervised, and controlled the Property at all times relevant to this complaint.

4. Plaintiff does not know the true names and capacities of Defendants sued in this Complaint as DOES 1 through 20, inclusive, and therefore sue these Defendants by fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 20, inclusive, when ascertained. Plaintiff is informed and believe, and thereon allege, that each of the Defendants herein as Doe 1 through 20, inclusive, is responsible in some manner for the occurrence, injury and other damages alleged in this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all causes of action alleged herein because they all arise out of conduct undertook by Defendants in the County of Los Angeles, State of California. The required minimum connection with the forum state exists in the present case. Each Defendant has sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction over it by the State of California courts consistent with traditional notions of fair plain and substantial justice.

6. The venue is proper in this Court because the real property that is the subject of this action is located in the City of Santa Monica, County of Los Angeles. Cal. Civ. Proc. §392. Also, Defendants are located in the City of Los Angeles, County of Los Angeles. Cal. Civ. Proc. §393.

## FIRST CAUSE OF ACTION

### (Breach of Contract against All Defendant)

7. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6 of this complaint and incorporates same by reference as though set forth here in full.

1    8. On or about March 5, 2015, Plaintiff signed a liability insurance policy bearing policy number

2       680-6F285163-15-42 effective for the policy term of March 6, 2015, through March 6, 2016.

3    9. Under the terms of the aforementioned insurance policy, defendant agreed to defend and

4       indemnify Plaintiff with regard to any civil action or suit seeking such damages.

5    10. On or about March 3, 2016, Plaintiff City of Santa Monica ("the City") in the underlying action,

6        filed a complaint for tenant harassment and housing discrimination which was amended on July

7        20, 2016. The operative complain in the underlying action is the first amended complaint

8        currently pending in the Superior Court for the State of California, County of Los Angeles

9        bearing case number SC125490 (hereinafter the "action").

10   11. In their complaint, the City alleged several causes of action – Tenant Harassment, Housing Anti-

11        Discrimination Ordinance, Unruh Civil Rights Act, and seeking Injunctive Relieve.

12   12. Plaintiff was served with a complaint in March 2016 and thereafter tendered the defense of the

13        underlying action to Defendant Travelers.

14   13. In breach of its obligations under Defendant's insurance policy as issued to Plaintiff, Defendant

15        declined to accept the tender of the underlying action, and otherwise refused to provide a defense

16        or to indemnify Plaintiff for any damages that might be awarded with regard to the underlying

17        action.

18   14. The liability insurance policy bearing policy number 680-6F285163-15-42 provides coverage for

19        personal and advertising injury and states in pertinent part:

20            "We will pay those sums that the insured becomes legally obligated to pay as damages

21            because of "personal and advertising injury" to which this insurance applies. We will

22            have the right and duty to defend the insured against any "suit" seeking those damages."

23   15. The "Personal and Advertising Injury" is defined in Section V – Definitions, paragraph 14 of

24        Commercial General Liability Coverage Form of the liability insurance policy. The "Personal

25        and Advertising Injury" is defined as: "personal and advertising injury" meaning injury arising

26        out of one or more of the following offenses: (c) The wrongful eviction from, wrongful entry

27        into, or invasion of the right of private occupancy of a room, dwelling or premises that a person

28        occupies, committed by or on behalf of its owner, landlord or lessor."

16. Clearly, the phrase quoted above "means injury, including consequential 'bodily injury'" means that not just "bodily injury" is covered, but that all "injury" including but not limited to "bodily injury" is covered. The policy does not define "injury" but Amendment of Coverage B an endorsement in plaintiff's policy, states as follows: "Personal and advertising injury" means "personal injury" or "advertising injury." Thus, it is further clear that personal injury (i.e. bodily injury) is different and apart from "advertising injury." One way to properly define the meaning of "injury" since the policy does not define it, is to refer to the dictionary definition. Webster's defines injury as a "harm" or "damage." The word is from the Latin "injuria" which means a "wrong."

17. Here clearly the City is suing Plaintiff for a wrong, harm, or damage.

18. Black's 8th Edition legal dictionary also contains a definition of injury. Blacks states: 'The violation of another's legal right, for which the law provides a remedy; a wrong or injustice."

19. In the City's lawsuit, the City is maintaining a wrong or injury has been inflicted upon them, and the City is seeking damages for such conduct. Also, the City is alleging constructive wrongful eviction, clearly a covered peril. See Section V - Definitions, Para 14.

20. As a result of defendant's conduct, Plaintiff was forced to hire counsel to defend itself in the underlying action.

21. As a result of defendant's failure to defend Plaintiff in the underlying action, (a) Plaintiff has incurred legal fees in an amount which exceeds the jurisdictional limits of this Court and which exact amount has not yet been determined, (b) Plaintiff's legal position and financial and emotional well-being has been greatly jeopardized and harmed because Brida LLC cannot afford to pay for proper legal representation.

22. Plaintiff has duly performed each and every condition of the policy of insurance issued by Defendant Travelers under which it is obligated to perform.

23. Defendant Travelers has breached the policy of insurance in that they failed and refused to provide Plaintiff with a defense in the underlying action.

24. As a direct and proximate result of Defendant's breach of their contractual duties, Plaintiff has incurred attorney's fees and costs in defending the underlying action.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and

### Fair Dealing against All Defendants)

25. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 of this complaint, and incorporates same by reference as though set forth here in full.

26. Defendant Travelers at all times relevant herein, had a duty to act fairly and in good faith with Plaintiff in meeting their responsibilities under the policy of insurance issued on March 5, 2015.

27. Implied in the insurance policy is defendant's obligation to act fairly and in good faith with Plaintiff by promptly investigating any claims and to avoid unfairly denying Plaintiff the benefits to which it is entitled under the insurance policy.

28. Defendant breached their obligation to act fairly and in good faith toward Plaintiff by failing to provide a defense in the underlying action which constitutes unreasonable conduct and breach of the implied covenant of good faith and fair dealing.

29. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages including but not limited to attorney's fees and costs incurred in defending the underlying action, the potential costs of judgment that may be rendered in the underlying action, as well as Plaintiff's members having suffered, and continuing to suffer, emotional and mental distress.

30. In committing the aforementioned acts, Defendant acted with oppression, fraud and malice with the intent to willfully injure, harass, vex, and annoy Plaintiff with a conscious disregard for Plaintiff's rights.  All of the aforementioned alleged acts were done or ratified by defendant's management-level employees, who acted with knowledge that defendant's conduct would cause Plaintiff harm.  Plaintiff is therefore entitled to recover punitive damages pursuant to Civil Code §3294.

## THIRD CAUSE OF ACTION

### (Declaratory Relief Against all Defendants)

31. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this complaint, and incorporates same by reference as though set forth here in full.

32. An actual controversy has arising between Plaintiff and Defendants, and each of them, with respect to the rights, obligations and duties of the parties: (a) Plaintiff contends that it is without fault, responsibility or blame for any of the damages which the parties to the underlying action may have suffered. If there was any harm to the City in the underlying action, these acts were committed by those tenants and not the Plaintiff. Plaintiff contends that it is entitled to recuperate the fees and costs incurred in defense of the underlying action from its insurer Travelers under the policy it held. (b) Plaintiff is informed and believes and thereon alleges that the said defendants, and each of them contend to the contrary.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

1. General damages according to proof;

2. Special damages according to proof;

3. Costs of suit incurred herein; and

4 For such other and further relief as this Court deems just and proper.

SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1. General damages according to proof;

2. Special damages according to proof;

3. Punitive damages in an amount sufficient to punish defendant according to Defendants' net worth;

4. For an order of this court that the Plaintiff is entitled to be fully indemnified by Defendants, and each of them, for any and all settlements or compromises and/or judgments entered into by Plaintiff as a result of the underlying action;

1   5.    For costs of suit incurred herein; and

2   6.    For such other and further relief as this Court deems just and proper.

3

4   THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

5   1.    For a declaration of Plaintiff's rights and duties; and

6   2.    For such other and further relief the court deems just and proper.

7   //

8   //

9   DATED: September 10, 2019                    Respectfully submitted by:

10

11

12                                              ROSARIO PERRY
                                                Attorney for Plaintiff,
13                                              Brida LLC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28